## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **In re R.H. Donnelley Corp.** | ) | Case No. 09-CV-7571 |
| **ERISA Litigation** | ) | |
|  | ) | Honorable Robert W. Gettleman |
|  | ) | Magistrate Judge Michael T. Mason |

## FINAL JUDGMENT AND ORDER

This *Action* came for hearing on November 13, 2012 to determine the fairness of the proposed settlement (the *"Settlement"*) presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement. Due notice having been given and the *Court* having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Final Judgment and Order shall have the same meanings as ascribed to them in the *Settlement Agreement* executed by *Named Plaintiffs* and *Defendants*.

1.      The *Court* has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Settlement Class*.

2.      For the sole purpose of settling and resolving the *Action*, the *Court* certifies this action as a Class action under FED. R. CIV. P. 23(a) and 23(b)(1). The *Settlement Class* is defined as:

> All *Persons*, (excluding the *Defendants* and their immediate family members) who were participants in or beneficiaries of the *Plan* at any time between July 26, 2007 and January 29, 2010, inclusive (the "Class Period") and

whose accounts included investments in R.H. Donnelley common stock at any point during the Class Period.

3.  Mathew Boutcher and Jeremy Loftis (the "*Named Plaintiffs*") are appointed as class representatives, Kessler Topaz Meltzer & Check, LLP, is appointed as *Class Counsel*, and Lasky & Rifkind, LTD is appointed as *Liaison Class Counsel* pursuant to FED. R. CIV. P. 23(g).

4.  The Court finds that for purposes of settlement:

(a)  The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the *Settlement Class* is so numerous that it is impractical to bring all *Settlement Class Members* before the *Court* individually.

(b)  The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the *Settlement Class* present common questions of law and fact, including:

(i)  Whether *Defendants* each owed a fiduciary duty to the *Plan*, *Named Plaintiffs*, and the *Settlement Class*;

(ii)  Whether the *Defendants* breached fiduciary obligations to the *Plan* and its participants by causing the *Plan* to offer the *Company Stock Fund* as an investment option for the *Plan* and allegedly failing to act prudently and in the sole interests of the *Plan* and its participants and beneficiaries;

(iii)  Whether *Defendants* violated ERISA; and

(iv)  Whether the alleged breaches of fiduciary duty by the *Defendants* caused the *Plan* and its participants and beneficiaries to suffer losses.

(c)  The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the *Named Plaintiffs*' claims are typical of those of the *Settlement Class*. The *Named*

*Plaintiffs* allege that they were *Plan* participants during the *Class Period* with *Plan* accounts that included investments in *Company Stock*, that the *Plan's* fiduciaries treated them and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under ERISA.

(d)     The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied. For the purposes of this *Settlement*, the *Court* finds that the *Named Plaintiffs* have no conflicting interests with absent members of the *Settlement Class* and are hereby approved as Class Representatives. Further, the *Court* is satisfied that *Class Counsel* are qualified, experienced, and are further prepared to represent the *Settlement Class* to the best of their abilities.

(e)     The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied. For purposes of settlement, this *Court* finds that adjudications of the claims of individual *Settlement Class Members* would be dispositive of the interests of the other members of the *Settlement Class* and there is a risk that prosecution of separate actions by individual members of the *Settlement Class* would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

(f)     The *Court* has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that *Class Counsel* and *Liaison Class Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Class Counsel* and *Liaison Class Counsel* have done the work necessary to identify or investigate potential claims in the *Action*, to investigate the allegations made in the *Complaint*, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials

uncovered in their investigation, consulting with experts, and representing the *Settlement Class'* interests during the litigation. *Class Counsel* and *Liaison Class Counsel* have substantial experience in handling class actions and claims of the type asserted in this *Action. Class Counsel* and *Liaison Class Counsel* have also demonstrated extensive knowledge of the applicable law. The *Court* concludes that *Class Counsel* and *Liaison Class Counsel* have fairly and adequately represented the interest of the *Settlement Class*.

      (g)    The *Settlement Class* has received proper and adequate notice of the *Settlement Agreement*, the *Final Approval Hearing, Class Counsel* and *Liaison Class Counsel's* Petition for Attorneys' Fees and Costs and Case Contribution Awards to the Named Plaintiffs, and the *Plan of Allocation*, such notice having been given in accordance with this *Court's* July 12, 2012 Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement. Such notice included individual mailed notice to all members of the *Settlement Class* who could be identified through reasonable efforts, as well as publication notice in the *News And Observer*, a newspaper published in the Research Triangle, North Carolina area, and in the *Chicago Sun-Times* and on *PR Newswire*, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process, and constituted the best practicable method under the circumstances for providing notice to the *Settlement Class*.

5.     The *Court* hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

6.     Pursuant to FED. R. CIV. P. 23(e), the Court finds that the *Settlement* embodied in the *Settlement Agreement* is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this *Action*. Specifically, the *Court* finds that:

(a)     The *Settlement* was negotiated vigorously and at arms-length by counsel for the *Defendants*, on the one hand, and the *Named Plaintiffs* and *Class Counsel* and *Liaison Class Counsel* on behalf of the *Settlement Class*, on the other hand;

(b)     This *Settlement* was reached with the assistance of experienced mediators, who were thoroughly familiar with this litigation;

(c)     *Named Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

(d)     If the *Settlement* had not been achieved, the *Parties* faced the expense, risk, and uncertainty of extended litigation;

(e)     The *Settlement Payment* – two million one hundred twenty-five thousand dollars ($2,125,000) – is fair, reasonable, and adequate and is in the best interest of the *Settlement Class*;

(f)     At all times, the *Named Plaintiffs* have acted independently of *Defendants* and in the interest of the *Settlement Class*;

(g)   The *Independent Fiduciary* was authorized to determine whether the *Settlement* should be authorized for the *Plan* and to make any other determinations called for by the Department of Labor's Class Exemption for the Release of Claims and Extensions of Credit in Litigation, PTE 2003-39. The *Independent Fiduciary* evaluated the fairness of the *Settlement* to the *Plan* and has authorized the *Settlement* on behalf of the *Plan*, as documented in the report filed with this *Court*. This Court further finds that the *Settlement* complies with the terms of the Department of Labor's Class Exemption, PTE 2003-39 and does not constitute a "prohibited transaction" under ERISA.

(h)   There are no objections to the *Settlement*.

7.   The *Settlement Agreement* complies with Internal Revenue Service Ruling 2002-45, 2002-2 C.B. 116 (June 26, 2002) and the *Settlement Payment* is a restorative payment.

8.   The form and manner of the notice provided by Defendants pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") was given in compliance with CAFA (the "CAFA Notice").

9.   The *Plan of Allocation* is fair and reasonable. The *Net Settlement Fund* shall be distributed in accordance with the *Plan of Allocation* and the *Settlement Agreement*.

10.   The *Court* shall retain exclusive jurisdiction and rule by separate Order with respect to all applications for attorneys' fees and reimbursement of legal costs and any payment of *Case Contribution Awards* to the *Named Plaintiffs* submitted pursuant to the *Settlement Agreement*. Any court order regarding Class Counsel's Petition for an

Award of Attorney's Fees, Costs, and Case Contribution Awards for Named Plaintiffs shall in no way disturb or affect this Final Judgment and Order. Reversal or modification on appeal of any order concerning Class Counsel's Petition for an Award of Attorney's Fees, Costs, and Case Contribution Awards for Named Plaintiffs shall not affect the finality of this Final Judgment and Order and shall not constitute grounds for cancellation or termination of the *Settlement*.

11.     The Court holds that the *Escrow Fund* established to hold the *Gross Settlement Fund* is approved in order that it may be a Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.

12.     Upon *Final Approval* of the *Settlement*, the following claims are released by operation of this Final Judgment and Order, as set forth in Section 3 of the *Settlement Agreement*:

(a)     <u>*Named Plaintiffs'*, the *Settlement Class'*, and the *Plan's* Releases</u>. The *Named Plaintiffs* (and their heirs and successors) shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the *Plan* and the *Settlement Class* shall, by operation of this Final Judgment and Order, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the *Plaintiffs' Released Persons* from all *Plaintiffs' Released Claims* as defined in Section 1.34 of the *Settlement Agreement*.

(b)     <u>*Defendants' Releases*</u>. *Defendants* shall and hereby do and conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the *Defendants' Released Persons* from any and all *Defendants' Released Claims* as defined in Section 1.14 of the *Settlement Agreement*.

(c)     Once this Final Judgment and Order is no longer subject to further appeal or review, the *Parties* will be permanently enjoined and barred from commencing or prosecuting any action asserting any of the *Released Claims*, either directly, derivatively, representatively, or in any other capacity.

(d)     <u>Covenants Not to Sue.</u>

(i)     *Named Plaintiffs* and the *Settlement Class* are, without limitation, permanently precluded, estopped, and forever barred from commencing or prosecuting any of the *Plaintiffs' Released Claims* (whether individually, derivatively on behalf of the *Plan*, on behalf of a class, or in any other capacity, and whether by a complaint, counterclaim, defense or otherwise, in any local, state or federal court or other agency or forum) that is released under Section 3.1 of the *Settlement Agreement* against any of the *Plaintiffs' Released Persons* or the *Plan*. The foregoing covenant and agreement shall be a complete defense to any such *Claims* against any of the *Plaintiffs' Released Persons* or the *Plan*.

(ii)     *Defendants* are, without limitation, precluded, estopped, and forever barred from bringing or prosecuting any of the *Defendants' Released Claims* (whether individually, derivatively, on behalf of a class, or in any other capacity and whether by a complaint, counterclaim, defense or otherwise, in any local, state or federal court, or in any other agency or forum) that is released under Section 3.2 of the *Settlement Agreement* against any of *Defendants' Released Persons*.

13.     This *Court* hereby dismisses this *Action* without prejudice with a direction to the Clerk of the Court to enter final judgment pursuant to FED. R. CIV. P. 54(b), finding that there is no just reason for delay of enforcement or appeal of the Order. The dismissal

without prejudice shall not allow the *Parties* or *Settlement Class Members* to litigate or otherwise reopen issues resolved by this *Final Judgment and Order* or that are included within the *Released Claims*. Rather, the dismissal without prejudice is solely to allow the *Court* to supervise the administration of the Settlement.

14.     The *Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this *Final Judgment and Order*, or the *Settlement Agreement* or the termination of the *Settlement Agreement*.

15.     Disbursements for *Tax Expenses* and other costs of administering the *Settlement*, including (a) the costs and expenses of the *Settlement Administrator*, (b) costs and expenses associated with *Class Notice* and *Publication Notice*, and (c) costs and expenses of the Escrow Agent are hereby approved and may be deducted from the *Gross Settlement Fund*.

16.     In the event that the *Settlement Agreement* does not receive *Final Approval* or does not proceed to fruition for any other reason whatsoever, this Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall revert to their litigation positions as of the day immediately before the *Agreement Execution Date*. Provided, however, that in the event of a termination of the *Settlement* or other failure of the *Settlement* to proceed, Sections 2.1.2, 8, and 11.2, and any similar provisions of the *Settlement Agreement* shall survive such termination or other failure of the *Settlement*. The *Parties* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

17. The *Court* recognizes that *Defendants* have denied and continue to deny the claims of *Named Plaintiffs* and the *Settlement Class*. Neither the *Settlement Agreement*, this Final Judgment and Order, any act performed or document executed in furtherance of the *Settlement*, nor the fact of the *Settlement*, shall be used or construed as an admission, concession, or declaration of the *Defendants*, or any other person, of any finding of fiduciary status, fault, wrongdoing, breach, omission, mistake, or liability of any of the *Defendants*. Nor shall this Order be offered as evidence of any liability in this *Action* or in any other pending or future litigation proceeding. Moreover, the *Agreement* and any proceedings undertaken pursuant to the *Agreement* are for settlement purposes only. Neither the fact of, nor any provision contained in the *Agreement* or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

IT IS SO ORDERED.

DATED: November 14, 2012

11-14-12

HON. ROBERT W. GETTLEMAN
UNITED STATES DISTRICT JUDGE